IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REYNALDO BECERRA RODRIGUEZ, A# 074050875, Petitioner, | § § § § § | |
| v. | § | No. 3:25-CV-2287-E-BW |
| | § | |
| DEPARTMENT OF HOMELAND SECURITY OFFICE OF CHIEF COUNSEL, Respondent. | § § § § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Based on the relevant filings and applicable law, the Court should **DISMISS**

this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for

failure to prosecute or follow orders of the Court.

## I. BACKGROUND

Reynaldo Becerra Rodriguez, an immigration detainee at the Prairieland

Detention Center in Alvarado, Texas, filed this habeas action under 28 U.S.C.

§ 2241 challenging his immigration detention by United States Immigration and

Customs Enforcement ("ICE"). (*See* Dkt. No. 3.) By Notice of Deficiency and

Order dated August 28, 2025, the Court notified Becerra Rodriguez that he had not

paid the $5 filing fee for a habeas case under 28 U.S.C. § 2241 or submitted an

application to proceed in forma pauperis ("IFP") with the required certificate of

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

inmate trust account ("CTA") or comparable form, such as a resident account summary.  (*See* Dkt. No. 4 at 1.)  The Court therefore ordered him to either pay the $5 filing fee for a § 2241 action or submit an IFP application with the required CTA or comparable form within 30 days.  (*See id.*)  The order also directed Becerra Rodriguez to immediately notify the Court of any change of address and warned him that failure to comply with the order could result in the dismissal of the petition under Federal Rule of Civil Procedure 41(b).  (*See id.*)

Over a month has passed since the Court's deadline expired, and Becerra Rodriguez still has not paid the filing fee or filed an IFP application.  Further, it appears from available records that Becerra Rodriguez is no longer in ICE custody. *See* ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited Nov. 7, 2025).  Becerra Rodriguez has not updated his address or taken any other action manifesting an intent to proceed in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order."  *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party

from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Becerra Rodriguez has failed to comply with the Court's August 28 order to either pay the $5 filing fee or file an IFP application with a CTA and to notify the Court of any change of address, despite a warning that failure to comply could result in the dismissal of his petition. By not complying with the Court's August 28 order, Becerra Rodriguez prevents this action from proceeding and has failed to prosecute this lawsuit. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b) for failure to prosecute or follow court orders.

### III. RECOMMENDATION

The Court should **DISMISS** this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

**SO RECOMMENDED** on November 10, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).